UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MIKE STUCKEY                                        PLAINTIFF

VS.                          CIVIL ACTION NO. 3:07CV639TLS-JCS

MISSISSIPPI TRANSPORTATION
COMMISSION, WILLIE HUFF,
DONALD O'CAIN, AND JEFF STRINGER              DEFENDANTS


                    MEMORANDUM OPINION AND ORDER

        This cause is before the court on the motion of defendants

Mississippi Transportation Commission and Willie Huff, in his

official capacity, for judgment on the pleadings pursuant to Rule

12(c) of the Federal Rules of Civil Procedure.  Plaintiff Mike

Stuckey has responded to the motion and the court, having

considered the memoranda of authorities submitted by the parties,

concludes that the motion should be granted in part and denied in

part.

        Defendants have moved for judgment on the pleadings on the

basis that they are not "persons" under § 1983.  They point out

that the remaining claims in this suit are federal claims under

§ 1983.  They argue that plaintiff has no cognizable claim against

the Mississippi Transportation Commission, an arm of the State,

because the State is not a "person" under § 1983, and that

likewise, Willie Huff, in his official capacity, is, in effect,

the State, and hence not a "person" under § 1983, so that both are

entitled to be dismissed.  See Will v. Michigan Dep't of State

Police, 491 U.S. 58, 68-70, 109 S. Ct. 2304, 105 L. Ed. 2d 45

(1989) (states and state officials sued in their official

capacities are not deemed "persons" subject to suit within the meaning of § 1983); see also Lapides v. Bd. of Regents, 535 U.S. 613, 617, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (holding that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted")(citing Will); Hafer v. Melo, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (holding that "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] suit because they assume the identity of the government that employs them").

Plaintiff's response offers no valid basis for concluding he has a viable claim against the Mississippi Transportation Commission or that his damages claim against Huff is cognizable. He points out, however, that he has included a claim for injunctive relief which he submits is viable against Huff in his official capacity, because under Will, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under Section 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'. ..." Will, 491 U.S. at 71 n.10, 109 S. Ct. at 2312 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106 n.14, 87 L. Ed. 2d 114 (1985).

In their reply brief, defendants acknowledge plaintiff's claim for injunctive relief, but argue that plaintiff has no standing to seek injunctive relief. Specifically, they argue that there is no actual case or controversy for purposes of injunctive

relief because plaintiff has not demonstrated that the threat of injury is ongoing. Defendants note that "'(p)ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects,'" City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983)(quoting O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S. Ct. 669, 675-76, 38 L. Ed. 2d 674 (1974)), and that to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future, Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003). That is,

> In order to demonstrate that a case or controversy
> exists to meet the Article III standing requirement when
> a plaintiff is seeking injunctive or declaratory relief,
> a plaintiff must allege facts from which it appears
> there is a substantial likelihood that he will suffer
> injury in the future. Based on the facts alleged, there
> must be a substantial and continuing controversy between
> two adverse parties. The plaintiff must allege facts
> from which the continuation of the dispute may be
> reasonably inferred. . . .

Bauer, 341 F.3d at 358 (citing Securities & Exchg. Comm'n v. Medical Comm. for Human Rights, 404 U.S. 403 (1972)). Defendants conclude that "in the absence of a showing that this case presents a live, justiciable case or controversy, plaintiff simply cannot prevail on the merits of his claim against the Defendants."

In his complaint, plaintiff does allege that based on the circumstances of the initial violation and threats made by Willie Huff, he faces a real and immediate threat of repeated injury in

the future.[1]  Defendants did not challenge the factual or legal

sufficiency of plaintiff's explicit allegation of likely future

harm in their motion or so much as allude to the issue of

plaintiff's standing, or lack thereof.  Rather, the issue was

raised for the first time in their reply brief.  As one court has

written,

> This court has previously declined to consider arguments
> raised for the first time in a reply brief in support of
> a Rule 12(b)(6) motion.  Senior Unsecured Creditors'
> Comm. of First RepublicBank Corp. v. FDIC, 749 F.Supp.
> 758, 772 (N.D. Tex. 1990) (Fitzwater, J.) ("The
> [defendant] raised its third argument for the first time
> in its reply brief and the court will not consider it in
> deciding the motion to dismiss." (footnote omitted)).
> "The purpose of a reply brief under local rule 7.1(f) is
> to rebut the nonmovants' response, thereby persuading
> the court that the movant is entitled to the relief

---

[1]  Plaintiff alleged the following:
Because the Plaintiff was removed from the highway,
prevented from selling watermelons, and arrested and
charged with a violation of the law, and because of the
threats made by Willie Huff, one of the Defendants, the
Plaintiff has reason to believe the threats are
continuing in nature and that he will be treated the
same way in the future if he sells watermelons in a
location near Jeff Stringer or near some other person
who knows of his past treatment and arrest and has
political connections with the Mississippi
Transportation Commission and/or others in a position to
harass and arrest the Plaintiff.

The Plaintiff respectfully requests this Court to
restrain and enjoin the Defendants from their wrongful
conduct and from harassing the Plaintiff in the future
when the Plaintiff is in the business of selling
watermelons and to issue an injunction under 23 U. S. C.
1983, 2201 and 2202 due to the fact that this Complaint
alleges causes of action arising under Section 1343 for
violation of the Plaintiff's rights of due process and
equal protection.  The threat of future arrest has been
made and remains in existence.

requested by the motion." <u>Pa. Gen. Ins. Co. v. Story</u>,
2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003) (Fish,
C.J.) (internal quotations and brackets omitted).
"Consequently, a court generally will not consider
arguments raised for the first time in a reply brief."
<u>Id</u>.

<u>Rolls-Royce Corp. v. Heros, Inc.</u>, 576 F. Supp. 2d 765, 773 (M.D.

Tex. 2008). <u>See</u> <u>also</u> <u>McDaniel v. Mississippi Baptist Medical</u>

<u>Center</u>, 869 F. Supp. 445, 453 (S.D. Miss. 1994) (noting that "[i]n

the interest of fairness, Defendant should not be allowed to raise

new grounds for the first time in its rebuttal to which Plaintiff

will not have the opportunity to provide an adequate response").

This court will not grant defendants' motion on a basis not urged.

Based on the foregoing, it is ordered that defendants' motion

to dismiss is granted as to plaintiff's claims against the

Mississippi Transportation Commission and his damages claim

against Willie Huff in his official capacity. The motion to

dismiss the claim against Willie Huff for injunctive relief is

denied.

SO ORDERED this 29th day of January, 2009.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE